Filed 3/3/16  P. v. Thompson CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MITCHELL CRAIG THOMPSON,<br><br>    Defendant and Appellant. | B265672<br><br>(Los Angeles County<br>Super. Ct. No. GA091246) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Affirmed.

        Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

                            _____

Following a no contest plea, defendant and appellant Mitchell Craig Thompson was convicted of one count of second degree robbery, with a prior serious felony conviction finding (Pen. Code, §§ 211, 667, subds. (a)-(i)).[1] Thompson was sentenced to a prison term of 15 years. We affirm.

Thompson was originally charged with seven counts of robbery (§ 211), one count of attempted robbery (§§ 211, 664), and one count of possession of a firearm by a felon (§ 29800). In addition, he was charged with firearm use, prior prison term and prior serious felony conviction enhancements (§§ 12022.53, 667.5, 667, subds. (a)-(i)). On May 21, 2015, Thompson accepted a plea agreement under which he would plead no contest to one count of second degree robbery while admitting a prior serious felony conviction allegation. The trial court sentenced him to a total of 15 years, calculated as follows: a five-year upper term for the robbery (§ 213, subd. (a)(2)), which was doubled as a second-strike conviction (§ 667, subds. (b)-(i)), and then increased by a five-year term for the prior serious felony conviction enhancement (§ 667, subd. (a)). The trial court gave Thompson credit for 672 days of presentence custody credit, consisting of 585 actual days and 87 days of good conduct credit.

On July 10, 2015, Thompson filed a pro se notice of appeal and request for a certificate of probable cause. In his request for a certificate of probable cause, Thompson complained that: (1) his presentence custody credits had been improperly limited to 15 percent of his actual days in custody; and, (2) because the firearm use allegation had been dropped, he should have only been convicted of second degree robbery. The trial court denied Thompson's request for a certificate of probable cause, pointing out that he had in fact been convicted of second degree robbery, and that the 15 percent presentence custody credit limitation was correct.

We appointed counsel to represent Thompson. After reviewing the record, appellate counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

send the record on appeal and a copy of the opening brief to Thompson, and notify him that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Thompson has not filed a supplemental brief.

We have examined the entire record and are satisfied that defense counsel has fully complied with counsel's responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.) Contrary to Thompson's apparent beliefs, the difference between first and second degree robbery does not depend on the perpetrator's use of a gun, and the 15 percent limit on presentence custody credits is triggered by "any robbery." (§§ 2933.1, subd. (c), 667.5, subd. (c)(9).)

## DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



ALDRICH, J.




LAVIN, J.

3